UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS VALENCIA and all others similarly situated under 29 U.S.C. § 216(B), | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:11-CV-0115-B |
| ALEJANDRO VALDOVINOS d/b/a ALEX TRIM CARPENTER, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

For the reasons that follow, the Court enters a **DEFAULT JUDGMENT** against the Defendant, Alejandro Valdovinos d/b/a Alex Trim Carpenter, in this case.

### I.

### BACKGROUND

On July 6, 2012, the Court held a pretrial conference in accordance with the Amended Scheduling Order (doc. 22), in preparation for a July 9, 2012 trial. Though both attorneys were directed to appear before the Court for the pretrial conference, only Plaintiff's attorney, Robert Manteuffel, was in attendance. Defendant's attorney, John D. Bell, failed to attend the pretrial conference and had also failed to respond to several telephone call messages left by the Court seeking to confirm his attendance at the conference. Additionally, as outlined by the Court and Plaintiff's counsel at the pretrial conference, Mr. Bell has failed to comply with several other pretrial requirements, including the deadlines for pretrial disclosures and objections and the deadline for

pretrial materials. During the pretrial conference, Mr. Manteuffel reported that he had last spoken with Mr. Bell via email on or around Monday, July 2, 2012, when Defendant agreed to Plaintiff's proposed exhibit list. As of today – July 9, 2012 – the Court has still not heard from Mr. Bell regarding his failure to appear at the pretrial conference.

This is not the first time that the Court has encountered difficulty with Mr. Bell's cooperation in this case. In fact, on February 16, 2012, the Court held a hearing to address Plaintiff's concerns that Defendant was unresponsive to discovery requests. Mr. Bell attended the hearing[1] and explained that he had been in the hospital after having appendicitis, but that he was capable of moving forward with the case. Mr. Bell also assured the Court that six months would be sufficient time to prepare for trial, and that this case was a high priority. Nevertheless, Mr. Bell has failed to make any filings, respond to the Court's inquiries, or effectively cooperate in this case since that time.

## II.

## LEGAL STANDARDS

Federal Rules of Civil Procedure 55 and 37(b) are pertinent to default judgment in circumstances like those of this case. Rule 55 authorizes an entry of default when a properly noticed party fails to appear in a case, appears but fails to file a pleading, or "fail[s] to . . . otherwise defend" the lawsuit. FED. R. CIV. P. 55(a). In any of these scenarios, the claimant " 'is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1989)).

---

[1] During the Court's discussion at the pretrial conference, the Court incorrectly stated that Mr. Bell was not present at the commencement of the February 16 hearing. He was, in fact, present at the beginning of that hearing.

Whether to issue a default judgment is "'committed to the discretion of the district judge.'" *Lewis*, 236 F.3d at 767 (quoting *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Id.* (quoting *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Default judgments are typically appropriate only when a party has abandoned the case and "the adversary process has been halted because of [the] essentially unresponsive party." *Sun Bank of Ocala*, 874 F.2d at 276.(citations omitted).

"A default judgment or dismissal under Rule 37(b) requires a clear record of delay or contumacious conduct." *Compass Bank v. Villarreal*, No. L-10-8, 2011 WL 1740270, at *5 (S.D. Tex. May 5, 2011). The Fifth Circuit has set forth four factors that should be considered before granting a default judgment or dismissal under Rule 37(b): "(1) whether the violation was willful or in bad faith rather than simply due to inability to comply, (2) whether less drastic sanctions would effect the goals of Rule 37(b), (3) whether the violation prejudiced the opposing party's trial preparation, and (4) whether the client knew of or participated in the violation or simply misunderstood a court order or innocently hired a derelict attorney." *U.S. For Use of M–CO Const., Inc. v. Shipco General, Inc.*, 814 F.2d 1011, 1013 (5th Cir. 1987) (citing *Batson v. Neal Spelce Associates, Inc.*, 765 F.2d 511, 514 (5th Cir. 1985)).

## III.

## ANALYSIS

The Court finds that default judgment is appropriate in this case. Defendant's counsel, Mr. Bell, has effectively failed to cooperate in this litigation by refusing to obey the Court's orders, failing to appear for the scheduled pretrial conference, and failing to cooperate with Plaintiff's counsel's

legitimate attempts to prosecute this case. Mr. Bell has further made no attempt to justify his blatant omissions. This is true despite the Court's hearing on this very topic on February 16, 2012, and Mr. Bell's assurances to the Court that he was fully able to proceed as lead counsel and would be prepared for trial by July 9, 2012, and that his failure to cooperate that caused the hearing would cease.

Turning next to the factors applicable to deciding whether a default sanction is appropriate, the Court first notes that it considers Mr. Bell's conduct to be willful. There is no indication that he misunderstood the deadlines outlined in the Scheduling Order, or that he failed to receive notice of Plaintiff's filings or the Court's orders. His failures involve basic requirements of the Federal Rules of Civil Procedure and standard directives contained in this Court's orders. Moreover, he has already been admonished by the Court in this regard and, at that time, assured the Court that he was "back on track" so far as his obligations to this litigation. Though it is unclear whether Mr. Bell's client was aware of his conduct, the Supreme Court has made clear that a litigant may not avoid the consequences of behavior by counsel that he has freely selected. *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962). Therefore, Defendant cannot claim that Mr. Bell's failure in this regard may not be attributed to him. *See id.*; *see also Superior Diving Co. v. Cortigene*, 372 F. App'x 496, 497 (5th Cir. 2010) (finding that summary judgment was properly granted even where respondent's attorney was deficient).

Given the Court's prior admonishment, Mr. Bell's assurances to the Court and his subsequent serial non-compliance with his basic obligations, the Court finds that sanctions less severe than default judgment will not suffice to promote the purposes of the courts' sanctioning authority. It goes without saying that Mr. Bell's failure to appear at the pretrial conference, standing alone, prejudiced Plaintiff's trial preparation. Considered in the aggregate with his other failings, Mr. Bell's conduct

most certainly constituted prejudice sufficient to support the default judgment sanction. Accordingly, the Court finds that default judgment is merited against Defendant Under Rules 37 and 55.

## IV.

## CONCLUSION

For the foregoing reasons, the Court hereby enters a **DEFAULT JUDGMENT** against the Defendant. The Clerk of Court is directed *not* to close this case until the Court has had an opportunity to determine damages, including attorney's fees incurred as a result of the Defendant's default. Plaintiff is **ORDERED** to submit briefing, which is to include evidence concerning damages and attorney's fees no later than **August 10, 2012**.

**SO ORDERED.**

SIGNED July 9, 2012

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE